UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH BRENDA BROWN, | CASE NO. 2:25-cv-00668-JNW |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| UNITED STATES DEPARTMENT OF EDUCATION, OFFICE OF INSPECTOR GENERAL, | |
| Defendant. | |

## 1.  INTRODUCTION

The Court raises this matter on its own accord. Pro se Plaintiff Elizabeth Brenda Brown pursues this action against Defendant United States Department of Education Office of Inspector General ("DOE OIG") in forma pauperis (IFP). Dkt. No. 4. After reviewing the complaint, Dkt. No. 5, under 28 U.S.C. § 1915(e)(2)(B), the Court concludes that Brown fails to state a claim on which relief may be granted; fails to state a basis of the Court's jurisdiction; and seeks monetary relief against a defendant who is immune from such relief. Rather than dismissing this case outright, however, the Court grants Brown leave to amend the complaint within 21 days of this Order. Failure to rectify the deficiencies discussed below will result in dismissal.

## 2. DISCUSSION

When a plaintiff proceeds IFP, Section 1915 requires the Court to dismiss the action if the Court determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To survive Section 1915 review, a complaint must meet the requirements set forth in Rule 8 of the Federal Rules of Civil Procedure, including "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8. While Rule 8 does not demand detailed allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

At the same time, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Thus, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)). But even so, the duties imposed

1   on the Court by Section 1915 are unwavering—and when an IFP plaintiff fails to state

2   a claim, the action must be dismissed.

3       Here, Brown sues DOE OIG for failing to investigate and prosecute her daughter

4   after she filed a formal report alleging that her daughter, in 2016, forged her signature

5   on a Free Application for Federal Student Aid (FAFSA). *See* Dkt. No. 5 at 16 ("The fact

6   is that the defendant… failed to respond to my case number[.]"). Brown alleges that

7   DOE OIG's failure to investigate and prosecute the fraud allegation led to a spiraling

8   series of harms culminating in "several hospitalizations [of Brown] due to depressive

9   like illnesses[.]" *Id.* at 7.

10      Upon review, the Court finds numerous defects in Brown's complaint that

11  prevent it from passing muster under Section 1915.

12      First, the complaint fails to state a basis of the Court's jurisdiction. The section

13  of the complaint form titled "Basis for Jurisdiction" is entirely blank. *See id.* at 4–6. The

14  Court cannot entertain a complaint that fails to state a basis for its jurisdiction. *See*

15  Fed. R. Civ. P. 8.

16      Second, the complaint seeks monetary relief against a defendant who is immune

17  from such relief. *See* Dkt. No. 5 at 7 (seeking $6,000,000 in monetary relief from DOE

18  OIG). "Absent a waiver, sovereign immunity shields the Federal Government and its

19  agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The DOE is a federal

20  agency, yet Brown cites no waiver of sovereign immunity authorizing her claims.[1]

21  _____

22  [1] In the absence of an applicable waiver of sovereign immunity, plaintiffs often sue individual
    government officials rather than the government itself. As explained in the complaint form that
    Brown used, plaintiffs can sue *state or local* officials for constitutional rights violations under 42
    U.S.C. § 1983, and plaintiffs can sue *federal* officials for constitutional rights violations under
    *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See*

23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Third, Brown does not identify a legal cause of action to bring her claims. A cause of action is a "legal theory of a lawsuit." *See* CAUSE OF ACTION, Black's Law Dictionary (12th ed. 2024). While Brown states that DOE OIG "failed to serve justice," *see* Dkt. No. 5 at 6, she does not cite any constitutional right that was allegedly violated. As a result, her complaint reads more like a generalized grievance than a cognizable pleading.

Fourth, decisions by government officials not to prosecute a case do not generally give rise to liability. Government law enforcement agencies enjoy "broad discretion" over whether to prosecute any given charge. *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (quoting *Wayte v. United States*, 470 U.S. 598, 607 (1985)). This broad discretion is limited only by "constitutional constraints" such as the "equal protection component of the Due Process Clause of the Fifth Amendment," which requires that a "decision whether to prosecute may not be based on an unjustifiable standard such as race, religion, or other arbitrary classification[.]" *Id.* (internal citations and quotation marks omitted). Brown makes no allegation to suggest that DOE OIG decided not to prosecute Brown's daughter based on constitutionally impermissible reasons such as identity-based discrimination. *See generally* Dkt. No. 5; *see also Wayte*, 470 U.S. at 607–8 (explaining why courts are "properly hesitant to examine the decision whether to prosecute"). This failure is likely fatal for her claims.

Fifth, Brown's claims are likely time-barred. Given, as explained above, that she does not identify a legal cause of action for her claims, the Court cannot ascertain the applicable statute of limitations. Nevertheless, the complaint suggests that the events

---

Dkt. No. 5 at 4–5. To do so successfully, plaintiffs must clarify which particular constitutional rights they claim were violated by the officials. *See id.*

at issue occurred in 2016—nine years ago—which is likely too distant to remain cognizable.

Sixth and finally, even if Brown did bring a timely and procedurally sound claim against non-immune defendants, she would still likely falter on the issue of causation. In general, to state a claim for relief, a plaintiff must plausibly allege that the defendant's conduct caused their injuries. Brown does not paint a clear picture as to how DOE OIG's decision not to prosecute her daughter for fraud ended up harming her health and leading to her hospitalizations. The causal chain is unclear.

### 3.  CONCLUSION

For the reasons stated above, the Court FINDS that Brown fails to state a claim on which relief may be granted, fails to state a basis of the Court's jurisdiction, and seeks monetary relief from immune defendants. Rather than dismissing the case outright, the Court GRANTS Brown leave to amend the complaint and ORDERS her, within twenty-one (21) days, to submit an amended complaint that rectifies the above-listed deficiencies. Failure to do so will result in dismissal of this action under 28 U.S.C. § 1915(e)(2)(B).

It is so ORDERED.

Dated this 24th day of April, 2025.

Jamal N. Whitehead
United States District Judge